### BURCHELL *v.* CULGIN.

*(Supreme Court, General Term, First Department.* January 28, 1889.)

PAYMENT—UNDER DURESS—ACTION TO RECOVER—PLEADING.

Plaintiff alleged that she was the owner of a certain lot in a block of land, formerly a portion of the estate of P., and by the latter conveyed to B., in 1863, and by mesne conveyances to plaintiff, as to this lot, in 1881; that in March, 1886, she contracted to sell the premises, when it was discovered that her title to a narrow strip in the rear of the lot was questionable, and the purchaser refused to carry out the contract unless her title was perfected; that she then discovered that defendant had placed on record, in January, 1884, a deed from P.'s executors to defendant, reciting that P.'s deed to B. was intended to include the narrow strip in question, (which extended through the block,) but by mistake had omitted it, further reciting that defendant "is now the owner of a piece of land," (another lot in the same block,) "including said strip, and conveying the same to him in order to correct the mistake; that plaintiff demanded of defendant a deed of said strip in order to perfect her title; but that defendant, "well knowing all the facts," refused to give such deed except on payment of $250; that plaintiff, being under pressing necessity to have her title perfected in order to complete the contract of sale, paid defendant the $250 for the deed, under protest. And the complaint sought to recover the $250 as paid under duress. Plaintiff contended that defendant was a trustee, holding the title to the strip on the rear of her lot for her benefit. *Held,* that the complaint was fatally defective in omitting to allege that defendant knew that the design of the executors was to convey the strip in part for plaintiff's benefit.

Appeal from circuit court, New York county.

This action is by Madeline T. Burchell against James Culgin to recover back $250 paid by plaintiff to defendant, which the latter exacted as the price of his executing to her a deed of a strip of land to which he held the title, and which affected her property, she alleging that the payment was under duress and compulsion. Plaintiff alleged in her complaint that in April, 1886, she was the owner in fee of No. 1891 Lexington avenue, a dwelling-house 16 feet on the avenue, and 77 feet and 9 inches in depth, situated between One Hundred and Seventeenth and One Hundred and Eighteenth streets. That these premises were a portion of the estate of Margaretha Peck, and were conveyed by her to Henry Brewster in 1863, thereafter by mesne conveyances were conveyed to plaintiff in 1881, and that she remained owner until March, 1886, when she contracted to sell the premises, and to purchase others. It is alleged that then she discovered that "by a misdescription in the deed from Peck to Brewster her title to a strip of land 3 feet 10½ inches in width on the rear portion of the premises aforesaid was so questionable that unless the title was perfected in plaintiff they would refuse to fulfill their contract." That plaintiff thereafter discovered, recorded in the office of the register of New York county, in Liber 1778 of Conveyances, at page 80, a deed recorded on January 29, 1884, from Edgar F. Peck and William H. Jackson, as executors of Margaretha Peck, deceased, to James Culgin, the defendant herein, said deed containing a recital in words as follows: "Whereas, the said Edgar F. Peck and Margaretha Peck executed and delivered their certain deed to Henry Brewster, dated November 1, 1862, and recorded in the office of the register of the city and county of New York, in Liber 868 of Conveyances, at page 380, conveying a piece of land in the county of New York, described therein as commencing on the southerly side of 118th street, distant 223 feet westerly from the westerly side of Third avenue, and running westerly along said street 133 feet and 4 inches; and whereas, it was intended by the parties to said deed

that said dimensions should extend to the center line of the Old Post road; and whereas it has been ascertained that said dimensions extended to a point 3 feet 10½ inches east from the center line of said road; and whereas, said party of the second part is now the owner of a piece of land on the southerly side of 118th street, including said 3 feet and ten and one-half inches: Now, therefore, in order to correct the error in said deed, and in consideration of one dollar, etc., and conveying said premises to Culgin for the purposes therein expressed. That thereafter plaintiff demanded of James Culgin a deed from him to plaintiff in the spirit and accomplishment of the purpose wherefor the said deed of Peck's executors to him was made, executed, and delivered, as expressed in the recitals therein, and that such deed was precisely what purchaser wanted, and all he demanded, to accept the title to the premises from plaintiff under the contract as alleged. That the defendant then and there, well knowing all the facts, as heretofore alleged by plaintiff herein, and particularly concerning the pressing necessity for the deed from him, as demanded by plaintiff, and of the liability of plaintiff on her said contracts in case of failure to perform, did then and there refuse to execute such deed, or any deed, to plaintiff, or any one else, in the premises, unless the sum of $250 were thereat and therefor paid to him by plaintiff, or through her procurement. That said defendant had no right to demand said $250, or any sum whatever, from plaintiff in the premises. That plaintiff, in this crisis, and only because thereof, by duress, compulsion, and not of her own free will, paid said $250, protesting thereat, and now prays judgment that she recover from defendant the money so paid by her in that wise to him, with interest thereon from the day of payment, to-wit, April 28, 1886, besides the costs and disbursements hereof, and that said defendant, James Culgin, be adjudged and declared a trustee for the uses and purposes as in said deed designed.

The court dismissed the complaint on the ground that it failed to state a cause of action. Plaintiff appeals, and makes, *inter alia,* the following points:

(1) James Culgin, the defendant, at the time of the payment to him by plaintiff, was a trustee for her, the *corpus* of the trust being the very thing which furnished Culgin the means to extort the $250. (2) Margaretha Peck was a trustee for the purchaser, Brewster, and his assigns, of whom Burchell, the plaintiff, is one, and, being trustee for the undelivered portion of the thing sold by her, she was incapable of conveying a better title to said portion, and Culgin knew the fact at the time he took title. The recitals in the correctionary deed from Peck to Culgin are conclusive as to his knowledge. (3) Culgin was a trustee in such wise as that he was not entitled to compensation as such.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Jackson & Ingraham,* for appellant.   *Kelly & McRae,* for respondent.

BRADY, J.   The propositions on which the plaintiff and appellant hoped to succeed upon this appeal are not sustained by the facts alleged in the complaint. The points presented in her behalf contain them, doubtless, but that is not sufficient. The salient one in her favor, not stated in the complaint, is that the defendant knew the design of the deed from the executors of Margaretha Peck, that instrument containing in the recital which distinguishes it a statement showing the intention to convey to the plaintiff's grantor the strip of land described, and which was unintentionally omitted from the former deed. The result is that the principles invoked in her behalf, however forcible and applicable to a proper state of facts, are utterly valueless in this controversy. The judgment must therefore be affirmed, with costs. All concur.